## Evangelical Lutheran St. Matthews Congregation of Lemont, Illinois, Appellee, v. Rolland E. Bethards, sued as Rev. E. Bethard, Appellant.

### Gen. No. 22,740.    (Not to be reported in full.)

Interlocutory appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court. Reversed. Opinion filed November 15, 1916.

### Statement of the Case.

Bill in chancery by the Evangelical Lutheran St. Matthews Congregation of Lemont, Illinois, complainant, against Rolland E. Bethards, sued as Rev. E. Bethard, defendant, to restrain defendant from audibly performing any religious services in complainant's cemetery. From an interlocutory order granting a preliminary injunction, defendant appeals.

HERMAN WELK and JESSE WILCOX, for appellant.

COBURN & BENTLEY, for appellee.

MR. JUSTICE GOODWIN delivered the opinion of the court.

### Abstract of the Decision.

1. TRUSTS, § 198*—*when parties plaintiff deficient in suit for injunction by trustees.* On a bill by a religious corporation to restrain an individual from holding religious services in a cemetery belonging to complainants, a petition for an injunction is insufficient where the petitioners describe themselves as trustees, and where it does not appear from the petition that petitioners are a majority or all of such trustees, and petitioners are therefore not entitled to relief in their official capacity, since a minority of such trustees have no power to represent the rights of their *cestui que trust* without showing good and sufficient reasons therefor.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. INJUNCTION, § 182*—*when allegation in bill insufficient as conclusion of law.* On a bill by a religious organization to restrain an individual from holding a certain sort of religious service in a cemetery belonging to the organization, where it appeared that a member of the organization had a permit issued by complainant to bury his family in the cemetery, an allegation in a petition for an injunction restraining defendant from conducting services in such cemetery on the death of such member, alleging that the permit was "subject to the rules and regulations of the congregation," *held* insufficient to enable the court to determine the nature of the permit or the conditions attached to it, the quoted allegation being a mere conclusion of law.

3. INJUNCTION, § 185*—*when allegation of irreparable injury insufficient:* Since the principle which lies at the foundation of the injunctive process of a court of equity is the inability of courts of law to afford adequate redress, it is not sufficient to entitle complainant to injunctive relief to allege irreparable damage, but he must aver facts from which, if true, the court can fairly draw that conclusion.

4. INJUNCTION, § 181*—*when prayer insufficient.* A petition for an injunction is insufficient where the bill merely prays for an injunction "as above prayed," but contains no other prayer for an injunction, or for any other relief, either specific or general.